# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**EBER SALGADO GUTIERREZ**
        Petitioner,

    v.                                                  Case No. 14-C-0291

**PATRICIA M. NINMANN, Sheriff**
**of Dodge County**
        Respondent.

---

## DECISION AND ORDER

Eber Salgado Gutierrez is not a citizen of the United States but has been residing in the United States since at least 2003. In 2003, Gutierrez was arrested in Milwaukee and charged with possession of cocaine. He was released within 48 hours on a signature bond. In 2005, he pleaded guilty to one count of possession of cocaine and was sentenced to thirty days in the Milwaukee County House of Correction. He completed his sentence and was released in April 2005. On February 25, 2014, the Bureau of Immigration and Customs Enforcement ("ICE") detained Gutierrez and charged him with being removable under the Immigration and Nationality Act ("INA") as an alien having been convicted of a controlled substance offense.

Gutierrez is currently being detained without bond pursuant to the mandatory detention provisions of the INA. See 8 U.S.C. § 1226(c). Those provide that ICE[1] must take into custody any alien who committed certain offenses (including drug offenses) "when the alien is released." They also provide that, with one exception not relevant here, such

---

[1] Section 1226(c) mentions the Attorney General rather than ICE. However, pursuant to the Homeland Security Act of 2002, ICE has assumed the Attorney General's detention and removal authority. Pub. L. No. 107-296, § 441, 116 Stat. 2135 (2002).

an alien is ineligible for release on bond pending a decision on removal.  Gutierrez disputes that § 1226(c) renders him ineligible for bond and has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He seeks an individualized bond determination pursuant to the non-mandatory detention provisions of the INA.  See 8 U.S.C. § 1226(a).

Gutierrez's argument is that he was not taken into custody immediately upon his release from jail in 2005 and therefore is not now subject to mandatory detention.  In 2011, I considered and rejected this exact argument.  See Garcia Valles v. Rawson, No. 11-C-0811, 2011 WL 4729833 (E.D. Wis. Oct. 7, 2011).  Gutierrez does not cite any authority decided since I issued my decision in Garcia Valles indicating that my decision was incorrect.  Further, since the time of my decision, two circuit courts have considered Gutierrez's argument and rejected it.  See Sylvain v. Attorney General of U.S., 714 F.3d 150 (3d Cir. 2013) ; Hosh v. Lucero, 680 F.3d 375 (4th Cir. 2012).  Accordingly, I see no reason to depart from my conclusion in Garcia Valles and will deny Gutierrez's habeas petition for the reasons stated in my opinion in that case.

Therefore, **IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED**.  The Clerk of Court shall enter final judgment.

Dated at Milwaukee, Wisconsin, this 27th day of May 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge